UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ALBERT REGINALD ROBINSON,

        Plaintiff,

v.

UNKNOWN HITCHINGHAM et al.,

        Defendants.
_____/

Case No. 1:24-cv-125

Honorable Ray Kent

### ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. The Court previously reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. The case was removed from the early mediation program at the request of Plaintiff on July 10, 2024 (ECF No. 24). Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that, because the Court granted Plaintiff leave to proceed *in forma pauperis* in its June 18, 2024, order (ECF No. 19), Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff

must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants Hitchingham and Silliman in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:  July 17, 2024               /s/ Ray Kent
                                    Ray Kent
                                    United States Magistrate Judge

2