UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT REGINALD ROBINSON,

    Plaintiff,

v.

UNKNOWN HITCHINGHAM, et al.,

    Defendants.
_____/

Case No. 1:24-cv-125

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Following screening, the claims remaining in this case are Plaintiff's retaliation claims against Library Technician Amy Hitchingham and a legal mail claim against Lieutenant Donald Silliman. Defendants Hitchingam and Silliman filed a motion for summary judgment, arguing that Plaintiff did not exhaust his administrative remedies for these claims. The motion was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part the motion. This case is presently before the Court on Plaintiff's objections to the Report and Recommendation. For the following reasons, Plaintiff's objections are denied.

**Standard of Review**

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges. *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1. Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit

report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B).  The statute further provides that within fourteen days after being served with a copy of a magistrate judge's report and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b)(1).  This Court's local rule requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b).  The Court's task, in turn, is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

## Analysis

In the Report and Recommendation at bar, the Magistrate Judge concluded that based on the record before him, the grievance relevant to Defendant Silliman—Grievance DRF-23-10-2725 17A ("2725")—was not exhausted before Plaintiff initiated this case (R&R, ECF No. 61 at PageID.367–368).  As to Defendant Hitchingham, the Magistrate Judge concluded that there was no dispute that Plaintiff exhausted the administrative remedies for his claims that Defendant Hitchingham allegedly retaliated against him by denying his requests for legal photocopies on August 1, August 26, September 11, and September 15, 2023; however, the Magistrate Judge determined that there is "no evidence that Plaintiff properly exhausted any other claims against Hitchingham before he filed this lawsuit" (*id.* at PageID.368–370).

In his objections, Plaintiff asserts that the Magistrate Judge's conclusion as to Defendant Silliman is "not true" (Pl. Obj., ECF No. 67 at PageID.393, 399–400).  And Plaintiff asserts that the Magistrate Judge's conclusion as to Defendant Hitchingham is likewise "wrong" (*id.* at PageID.395–396).  Plaintiff's objections demonstrate merely his disagreement with the Magistrate

Judge's analysis, not any factual or legal error by the Magistrate Judge.  As the Magistrate Judge points out, dismissal is required when a plaintiff files suit before allowing the administrative process to be completed (R&R, ECF No. 61 at PageID.367, citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit")).  Having performed de novo consideration of those portions of the Report and Recommendation to which objections have been made, the Court determines that Plaintiff's objections are properly denied and the Report and Recommendation adopted as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 67) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 61) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 34) is GRANTED IN PART and DENIED IN PART as described in the Report and Recommendation, and Defendant Silliman is TERMINATED from this case.

The case proceeds on the following four claims:  Plaintiff's claims that Defendant Hitchingham retaliated against him by denying his requests for legal photocopies on August 1, August 26, September 11, and September 15, 2023.

Dated:  September 10, 2025                         /s/ Jane M. Beckering
                                                                                       JANE M. BECKERING
                                                                                       United States District Judge