UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT REGINALD ROBINSON,

      Plaintiff,

v.

Case No. 1:24-cv-125

HON. JANE M. BECKERING

UNKNOWN HITCHINGHAM, et al.,

      Defendants.

_____/

### OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 arising out of incidents that allegedly occurred between August and November 2023.  Plaintiff filed four motions for injunctive relief, which were referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the motions.  This case is presently before the Court on Plaintiff's objections to the Report and Recommendation as well as another motion for injunctive relief that Plaintiff has since filed.  For the following reasons, both the objections and the motion are properly denied.

### Standard of Review

28 U.S.C. § 636 governs the jurisdiction and powers of magistrate judges.  *See also* FED. R. CIV. P. 72; W.D. Mich. LCivR 72.1.  Magistrate judges generally have authority to enter orders regarding non-dispositive pre-trial motions, *see* 28 U.S.C. § 636(b)(1)(A), but they must submit report and recommendations on case-dispositive matters, *see* § 636(b)(1)(B).  The statute further provides that within fourteen days after being served with a copy of a magistrate judge's report

and recommendations on a case-dispositive matter, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). This Court's local rule requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court's task, in turn, is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## Analysis

To date, Plaintiff has filed seven motions for injunctive relief during the course of this litigation. In his first motion, Plaintiff sought to "ensure that the defendants stop all retaliation and future misconducts," indicating that he was concerned about his access to the courts (ECF No. 3 at PageID.39–40). The Magistrate Judge thoroughly considered Plaintiff's motion, determining that he had not satisfied his burden to justify the extraordinary remedy of a preliminary injunction. *See* 6/18/2024 Op. & Order (ECF Nos. 18–19). Plaintiff's second motion, which more specifically requested that the Court order the Michigan Department of Corrections to provide him with additional library time, was denied for the same reasons. *See* 9/17/2024 Order (ECF No. 31 at PageID.92–93).

In the Report and Recommendation at bar, the Magistrate Judge determined that Plaintiff's third and fourth motions sought either the same relief or relief related to claims lying outside the claims in this lawsuit (R&R, ECF No. 62 at PageID.375–377). Next, the Magistrate Judge determined that there was no basis for Plaintiff's fifth and sixth motions, which concerned his pursuit of discovery, as discovery was stayed (*id.* at PageID.377–378). Last, the Magistrate Judge

determined that Plaintiff's embedded requests for appointment of counsel were also properly denied (*id.* at PageID.378–379).

In his objections (ECF No. 68), Plaintiff expresses his disagreement with the resolution of these four motions.  However, he does not identify any factual or legal error in the Magistrate Judge's analysis of the relevant factors for injunctive relief or the factors relevant to the appointment of counsel.  Accordingly, having performed de novo consideration of those portions of the Report and Recommendation to which objections have been made, this Court determines the objections are properly denied and the Report and Recommendation adopted as the Opinion of this Court.

In his seventh motion for a preliminary injunction (ECF No. 64), which was filed after the Report and Recommendation, Plaintiff again requests injunctive relief related to the hours of law library time he receives, and he again requests the appointment of counsel.  For many of the same reasons expressed by the Magistrate Judge in this case, the Court likewise determines that Plaintiff has not borne his burden of establishing that the balance of factors weighs in favor of issuing the requested injunctive relief, particularly in the unique prison setting.  *See generally Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988).  Additionally, having considered the remaining claims in this case, the procedural posture, and Plaintiff's abilities, the Court determines, in its discretion, that appointing Plaintiff counsel is not warranted at this time.  *See generally Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  In sum, Plaintiff's motion is properly denied.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 68) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 62) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for injunctive relief (ECF No. 43, 51, 55, 56, & 64), including the requests for appointment of counsel therein, are DENIED.

Dated:  September 10, 2025                                      /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge